IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SARUNAS ABRAITIS**, | Case Number 1:15 CV 710 |
| Petitioner, | Judge James S. Gwin |
| v. | REPORT AND RECOMMENDATION |
| **LAURA J. GALLAGHER[1],** Judge et al. | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This action was initiated by Sarunas Abraitis, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated April 10, 2015). The undersigned has reviewed the Petition and for the reasons given below, recommends the Court summarily dismiss the Petition in accordance with Rule 4 of the Rules Governing Section 2254.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was the Executor of the Estate of Vlada Sofija Stancikaite Abraitis from the time the probate estate was opened in October 2011 until December 1, 2014 when the Cuyahoga County Commons Pleas Court, Probate Division entered judgment removing him as executor. (Doc. 1, Ex. 7, at 10). Attorney Randall Perla had filed an emergency motion to remove Petitioner as executor and a second emergency motion to have Petitioner deposit estate funds in

---

1. The Court notes Judge Gallagher is not a proper party to this action, as such, the Court must dismiss the action against her, non-withstanding its dismissal under rule 4. *See* Rule 5 of the Rules Governing 28 U.S.C. § 2254 (requiring the state officer who has custody and, for future incarcerations, the state attorney general to be named as respondent).

the estate account on behalf of Vivian Abraitis-Newcomer, an heir to the probate estate. (Doc. 1, Ex. 7, at 10). The emergency motion ordering Petitioner to deposit the funds was granted on November 25, 2014. (Doc. 1, Ex. 7, at 10).

On February 25, 2015, Ms. Abraitis-Newcomer, through counsel, moved to have Petitioner held in contempt for violation of the November 25th order (Doc. 1, Ex. 2) which Petitioner opposed (Doc. 1, Ex. 3). The Petition indicates a contempt hearing was held on April 8, 2015, and Petitioner was sentenced to a conditional sentence of ten days in jail if he did not comply with the Probate Court's order to deposit certain funds into the estate account. (Doc.1 ). The Petition further indicates this sentence was to begin April 10, 2015[2]. (Doc. 1).

At issue, according to the habeas petition (Doc. 1) and Petitioner's Brief in Opposition to Motion in Contempt (Doc. 1, Ex. 3) was an account known as the "Stifel Account" held in the name of Sarunas Abraitis which had been listed on the estate's Inventory and Appraisal filed January 10, 2014. (Doc. 1, Ex. 3 at 5). Subsequent to the filing of the Inventory, the Internal Revenue Service ("IRS") determined Petitioner, and not the decedent, Vlada Abraitis, owned the money in the account and was liable for paying taxes on it. (Doc. 1, Ex. 3, at 6).

In his Brief in Opposition to Motion for Contempt, Petitioner argues (1) the November 25, 2014 judgment entry is not a valid court order and thus Petitioner could not be subject to contempt proceedings for failing to comply with it; (2) Ms. Abraitis-Newcomer lacked standing to request contempt and the court cannot overturn the IRS and Ohio Department of Taxation Assessments; (3) the probate court did not have jurisdiction to issue a civil or criminal contempt order from a Judgment Entry that directs a fiduciary who has since been removed, to take action; (4) the probate court has no jurisdiction to issue an order of civil contempt from a judgment entry

---

2. It is not clear to this Court if this means Petitioner is currently serving the ten-day sentence or if this is simply the sentence that would be imposed if Petitioner did not deposit the funds by April 10.

that directs a fiduciary now removed to pay money to be purged of the alleged contempt; (5) the court has no jurisdiction to issue an order of criminal contempt where the subject of the contempt is solely to benefit the opposing party; and (6) the trial court is divested of jurisdiction while the matter is on appeal.

Petitioner indicated that on September 3 and November 24, 2014, he filed two writs of prohibition with Ohio's Eighth District Court of Appeals asserting because the IRS and Ohio Department of Taxation had determined he possessed sole ownership interest in the asset, the probate court was without jurisdiction to hear a third-party wrongful levy/appeal of the estate tax unit's determination. (Doc. 1). These cases were consolidated into one and were dismissed by the Eighth District after the filing of the Petition on April 24, 2015. (Doc. 1); *State ex rel. Gallagher*, 2015 Ohio App. LEXIS 1685 (8th Dist. Ct. App.). Additionally, on December 23, 2014, Petitioner filed an Appeal of the Removal as Executor in Ohio's Eighth District Court of Appeals, on the basis that tax authorities (IRS and Ohio Department of Taxation) had determined he possessed the sole ownership interest in the asset and the estate was insolvent and the probate court lacked subject matter jurisdiction to hear an appeal or overturn the determinations of the taxing authorities. (Doc. 1).  This appeal is currently pending before the Eighth District. (Doc. 1).

The Petition also references an additional appeal of right pending before the Supreme Court asserting lack of standing of the party that brought the contempt motion. (Doc. 1).  The judgement of the Eighth District was affirmed after the filing of the Petition on June 16, 2015. *State ex rel. Abraitis v. Gallagher*, 2015 Ohio LEXIS 1520.

**FEDERAL HABEAS CORPUS**

Petitioner raises the following grounds for relief:

**GROUND ONE**: The sentence of April 8, 2015, stems from the failure to comply with an order of the probate court that is contrary to clearly established federal law.

**Supporting Facts**: [Petitioner] was determined to possess the sole ownership interest in the asset by the IRS (and Ohio Department of Taxation), the estate was determined to have no assets. Therefore, the order to put the assets of [Petitioner] into an estate account is a nullity as the probate court lacks the subject matter jurisdcition [sic] to hear an appeal of a third-party wrongful levy claim.

**GROUND TWO**: The right of an accused to be tried before a fair and impartial judge is a basic right of due process.

**Supporting Facts**: Judge Gallagher is knowingly ignoring federal (and state) tax law, while using Petitioner's failure to file a third-party wrongful levy claim as executor for the estate as ground for removal, even though he had no documentation to support such a claim and it would have been futile as an IRS database error was the cause for listing the asset as a prospective asset in 2011—an error that the IRS corrected. It appears that the purpose of the April 8, 2015, judgment entry is to force the Petitioner to surrender his property, waive his appeal, or if the incarceration results in his death, extinguish all his claims against the judge in the writs.

**GROUND THREE**: By not properly maintaining the court's docket, concealing ground one, the court is violating Petitioner's right to due process.

**Supporting Facts**: Entries supporting that the probate court lost jurisdiction were incorrectly entered on the cocket [sic], delayed, missing, or improperly redacted before entry.

**GROUND FOUR**: Petitioner was denied the right to face his accuser as guaranteed by the Sixth Amendment and the Fourteenth Amendment

**Supporting Facts**: The initiating party, whose standing is being contested before the Ohio Supreme Court was not present at this proceeding and could not be confronted.

(Doc. 1).

## STANDARD OF REVIEW

Federal habeas claims previously adjudicated by the state courts are governed by AEDPA, codified at 28 U.S.C. § 2254(d). AEDPA provides that a federal court may not grant a writ of habeas to a petitioner in state custody with respect to any claim adjudicated on the merits in state court unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceedings." *Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir. 2002) (quoting 28 U.S.C. §2254(d)).

A state court decision is considered "contrary to . . . clearly established federal law" if the two are "diametrically different, opposite in character or nature, or mutually opposed." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). To be deemed an "unreasonable application" of clearly established federal law, a state-court decision on the merits must be "objectively unreasonable", not simply erroneous or incorrect. *Id*; *Keith v. Mitchell*, 455 F.3d 662, 669 (6th Cir. 2006). Meaning, a "state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 requires the clerk to promptly forward a habeas petition to a judge under the court's assignment procedure, and the judge to promptly examine the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in district court, the judge must dismiss the petition and direct

5

the clerk to notify the petitioner." Rule 4 of the Rules Governing 28 U.S.C. § 2254. Only if the petition is not plainly deficient, does the court order the respondent to respond to the petition. *Id.* In this case, it is plain from the face of the Petition that Petitioner has not exhausted his remedies and is not entitled to relief in district court; therefore, the Court should dismiss the Petition.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust all available state remedies. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This exhaustion-of-state-remedies doctrine is codified in 28 U.S.C. § 2254 (b), (c) and "reflects a policy of federal-state comity" and allows the state the initial opportunity to correct an alleged violation of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270 (1971). A petitioner is not deemed to have exhausted all remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c). A petitioner is not required to exhaust his claims if: (1) there is an absence of available state corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C § 2254 (b)(1).

The Petition makes it clear that Petitioner has not attempted to appeal the probate court's decision to hold him in contempt based on any of the grounds for relief he alleged in his Petition. (Doc. 1). Rather, he has chosen to appeal other aspects of the decision instead of the contempt hearing. It is clear Petitioner had not exhausted his state law claims and, considering this Petition was filed on April 10, only two days after the April 8 decision, time remained to do so when this Petition was filed.

Additionally, Petitioner had several pending appeals in state court that address the issue underlying the civil contempt charge. The two writs of prohibition and the appeal of Petitioner's removal as executor address whether Petitioner or the estate owned the funds in the account in

question and address whether the probate court had the authority to render a civil contempt order. (Doc. 1). The order before the Ohio Supreme Court further appeals the contempt order by contesting another party's right to move for contempt. (Doc. 1). With the exception of the case that has now already been decided by the Ohio Supreme Court, Plaintiff has further action that can be taken in these appeals. Petitioner cannot be found to have exhausted his claims until a decision on the merits is reached and any available appeal is taken or waived. Petitioner appears to be misunderstanding the purpose of habeas review and is treating this court as a means of direct appeal. This is wholly inappropriate.

Petitioner generally explains in his Petition that he has not exhausted his claims because the state appeal and writs are "languishing" and "the judgment entry containing the sentence of April 8, 2015 has not been released by the probate court, according to the docket it will be available on April 16, 2015". (Doc. 1). In other words, Petitioner's reason for not exhausting his claims is simply that the courts have yet to reach a decision on his case. Petitioner does not allege there is an absence of state corrective process or that such a process would be ineffective. Rather, he proves its availability by using that process. Moreover, Petitioner has yet to appeal the actual contempt decision, and habeas review is improper until he does so.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Court summarily dismiss the Petition in accordance with Rule 4 of the Rules Governing Section 2254 cases.

    s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).