UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                         :
SARUNAS ABRAITIS                                         :
                                                         :   CASE NO. 1:15-CV-710
           Petitioner,                                   :
                                                         :
v.                                                       :   OPINION & ORDER
                                                         :   [Resolving Doc. Nos. 1, 6, 7]
LAURA J. GALLAGHER, Judge, et al.,                       :
                                                         :
           Respondent.                                   :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Habeas Corpus Petitioner Sarunas Abraitis seeks relief under 28 U.S.C. § 2254 from a conditional ten-day sentence of incarceration.[1] Cuyahoga County Probate Court Judge Laura Gallagher issued the sentence at an April 8, 2015 contempt hearing.[2] Judge Gallagher imposed this conditional sentence after Petitioner refused to comply with a court order that directed Petitioner to deposit funds into an estate account. Petitioner formerly served as the estate executor.[3]

Petitioner filed a petition for a writ of habeas corpus on April 10, 2015.[4] Magistrate Judge James R. Knepp II recommended that the Court dismiss Petitioner Abraitis' petition because Petitioner failed to exhaust his state remedies for relief.[5] Petitioner objects to Judge Knepp's Report and Recommendation ("R&R").[6] For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Knepp's R&R, and **DENIES** Petitioner's § 2254 petition.

---

[1] Doc. 1.
[2] *Id.*, at 5.
[3] Doc. 1-7, at 10.
[4] Doc. 1.
[5] Doc. 6.
[6] Doc. 7.

Case No. 1:15-cv-710
Gwin, J.

## I. Discussion

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have properly objected.[7]

A habeas petitioner under § 2254 must exhaust all available state remedies before seeking a federal writ of habeas corpus.[8] "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."[9] Therefore, a district court will decline to review a habeas petition unless a petitioner can show that he or she has exhausted all available state remedies.

A petitioner fails to exhaust all remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."[10] A petitioner can avoid the exhaustion requirement if he or she can show that there is an absence of available state corrective process, or available process would be ineffective to protect the rights of the applicant.[11]

The R&R found that Petitioner failed to exhaust his state remedies for relief from the conditional sentence in the contempt judgment. Petitioner objects, arguing that Petitioner did in fact exhaust his available state remedies because "the federal issue underlying the jail sentence has already been exhausted in the state courts."[12] This argument misunderstands the exhaustion requirements. Petitioner seeks relief from the conditional ten-day sentence. Petitioner therefore has

---

[7] 28 U.S.C. § 636 (b)(1).
[8] 28 U.S.C. § 2254 (b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[9] *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).
[10] 28 U.S.C. § 2254 (c).
[11] 28 U.S.C. § 2254 (b)(1).
[12] Doc. 7, at 7.

Case No. 1:15-cv-710
Gwin, J.

to exhaust all available state remedies for relief from that sentence, not just the underlying factual issues. Petitioner failed to exhaust his state remedies when he chose to file a petition for habeas corpus with this Court instead of taking a state court appeal from the state court contempt judgment.

Petitioner also objects on the grounds that the R&R misidentified Vivian Abraitis-Newcomer as an heir of the contested estate and that it misstated the timing of the IRS' "determination of ownership."[13] Even assuming that these objections are valid, Petitioner has not exhausted his state court remedies on these grounds. As Petitioner points out, he took numerous state appeals from the issues surrounding the conditional sentence.[14] Petitioner could have also appealed these factual issues in the state courts at the time he filed this habeas petition. Asking the Court to review these issues now is asking the Court to sit in direct appellate review of a state court determination, which is inappropriate. Therefore, Petitioner's claims for relief fail because petitioner did not exhaust his state court remedies before filing this habeas petition.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections to the R&R. The Court **ADOPTS** in whole Magistrate Judge Knepp's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court **DENIES** Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[15]

IT IS SO ORDERED.

Dated: September 2, 2015                    s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[13] Doc. 7, at 7, 12–13.
[14] Doc. 1, at 12.
[15] 28 U.S.C. § 2253(c); Fed. R. App. Proc. 22(b).

Case No. 1:15-cv-710
Gwin, J.